**INSTITUTE FOR JUSTICE**
Andrew Ward (NY Bar No. 5364393)*
Dylan Moore (ME Bar No. 010327)*
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
ahward@ij.org
dmoore@ij.org

*Pro hac vice* motions to be filed

**SULLIVAN & CROMWELL LLP**
Brendan P. Cullen (CA Bar No. 194057)
550 Hamilton Ave.
Palo Alto, CA 94301
(650) 461-5650
cullenb@sullcrom.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO OR OAKLAND DIVISION)

| | |
|---|---|
| JOEL FINK,<br><br>                Plaintiff,<br>v.<br><br>KIMBERLY KIRCHMEYER, in her official capacity as Director of the California Department of Consumer Affairs; and LYNNE JENSEN, in her official capacity as Bureau Chief of the Bureau of Security and Investigative Services,<br><br>                Defendants. | No.: _____<br><br>**PLAINTIFF'S COMPLAINT** |

**INTRODUCTION**

1.      This civil-rights lawsuit seeks to vindicate the First and Fourteenth Amendment rights of Plaintiff Joel "Jay" Fink to receive, read, and repackage information for willing customers.

2.      In California, individuals have a statutory right to sue companies that send them deceptive spam emails. Californians inundated with spam hire Jay to review their junk folders and identify the emails that might violate the state's anti-spam law. Armed with Jay's lists, clients can hire attorneys to bring civil suits against the spammers. By receiving, reading, and repackaging his clients' spam emails, Jay provides a useful—and necessarily communicative—service.

3.      Jay's business, however, has been threatened with non-existence. In July 2023, the State of California told Jay that he was violating laws about private investigation. Though Jay neither holds himself out as a licensed private investigator nor engages in any activities commonly associated with private investigators, the California Bureau of Security and Investigative Services (the "Bureau") fined Jay, told him his services were illegal, and ordered him to cease and desist from advertising them. This is because, according to the Bureau, anyone who makes a living looking for evidence that might be used in court must be a licensed private investigator.

4.      Getting a private investigator license, however, requires six *thousand* hours of experience in fields like law enforcement, debt collection, or (actual) private investigation. The State has thus effectively barred Jay from engaging in his chosen profession. But the aspects of Jay's business that the State has prohibited—reading, repackaging, and sharing information—constitute speech entitled to full First Amendment protection. Defendants' private investigator licensing requirement, as applied to Jay, violates those protections. Indeed, because licensure is burdensome and has *no* connection to Jay's work, its application cannot survive *any* level of constitutional scrutiny.

## JURISDICTION, VENUE, AND DIVISION

5.     This is a civil-rights action brought under the First and Fourteenth Amendments to the U.S. Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

6.     Plaintiff seeks declaratory and injunctive relief against Defendants' future enforcement of: California's private investigator laws, Cal. Bus. & Prof. Code div. 3, ch. 11.3; regulations promulgated under the private investigator laws, Cal. Code Regs. tit. 16, div. 7; and the policies and practices of Defendants that deprive Plaintiff of his ability to legally receive, read, repackage, and share information, and to advertise that service.

7.     *Jurisdiction.* This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal-question jurisdiction) and 1343(a)(3) (civil-rights jurisdiction).

8.     Venue is proper under 28 U.S.C. § 1391(b).

9.     *Divisional Assignment.* Because the events at issue occurred in Marin County, this case should be assigned to the San Francisco or Oakland division.

## PARTIES

10.     Plaintiff Joel "Jay" Fink is a U.S. citizen who lives in San Rafael, California. Jay runs his business, Spam Private Eye, as a sole proprietorship. He is not licensed as a private investigator by the Bureau.

11.     Defendant Kimberly Kirchmeyer is the Director of the California Department of Consumer Affairs. She is tasked with administering and enforcing California's private investigator laws. Cal. Bus. & Prof. Code § 7512.2. Defendant Kirchmeyer is sued in her official capacity.

12.     Defendant Lynne Jensen is the Chief of California's Bureau of Security and Investigative Services, a division of the Department of Consumer Affairs. She is responsible for imposing administrative citations and orders of abatement on those who practice private investigation without a license. Cal. Code Regs. tit. 16, § 601.6. Defendant Jensen is sued in her official capacity.

-3-

## STATEMENT OF FACTS

### Jay Helps Others Stand up to Spam

13.    Jay is a California entrepreneur who lives in the Bay Area.

14.    In the early 2010s, Jay was frustrated to be receiving more than 500 spam emails per day.

15.    The incessant spam hindered Jay's then-business, as he had to waste valuable time separating genuine emails from useless ones.

16.    Then Jay discovered that California law establishes a private right of action against companies that send people certain types of spam emails. Cal. Bus. & Prof. Code §§ 17529 *et seq.* ("Anti-Spam Act").

17.    The Anti-Spam Act allows individuals to sue if they receive unsolicited commercial emails that contain "a third-party's domain name without the permission of the third party [or] … falsified, misrepresented, or forged header information." Cal. Bus. & Prof. Code § 17529.5(a)(1)–(2). It also allows individuals to recover for unsolicited commercial emails that have "a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message." *Id.* § 17529.5(a)(3).

18.    Plaintiffs who sue under the Anti-Spam Act can recover liquidated damages of $1,000 for each unsolicited commercial advertisement that violates the Act. *Id.* § 17529.5(b)(1)(B)(ii).

19.    In 2011, Jay started a business called Spam Private Eye to help other Californians benefit from the state's Anti-Spam Act.

20.    Because the business has grown, Jay now operates as the manager of the business. Three contractors help with the substantive work.

21.    At various times, Jay has advertised his services on a business website and on a Facebook page.

22.     Jay is paid on contingency. If his clients recover in lawsuits under the Anti-Spam Act, he receives some of the recovery. If not, not.

23.     Clients who receive deceptive spam emails hire Jay and his team to help them find emails that may violate the Anti-Spam Act.

24.     Clients grant Jay access to their email accounts (either virtually or in person), and his team reviews only the junk or spam folders.

25.     After identifying the emails that may violate the Anti-Spam Act, Jay and his team list them in spreadsheets and create PDF copies of the potentially offending emails.

26.     Clients, if they wish, then hire California attorneys to bring civil suits against the spammers.

27.     These lawsuits are usually against entities with little or no social utility, such as payday lenders, expensive credit-score monitors, and sellers of purported health supplements. Jay does not flag emails that are edge cases.

28.     Since Jay founded his business more than a decade ago, he has helped hundreds of clients recover damages.

29.     Jay has never received complaints about his ability to identify actionable spam.

30.     None of Jay's activities are traditionally associated with private investigators.

31.     Jay has never held himself out as a licensed private investigator.

32.     Until July of this year, Jay was unaware that his business activities could be construed as unlicensed private investigation. He had never heard of private investigator licenses.

**The Bureau Tells Jay He Is under Investigation**

33.     Jay's mission to help Californians live spam-free went awry when the Bureau emailed him on July 13, 2023.

34.     The email told Jay that he was under investigation for practicing private investigation without a license.

35.     After receiving the email, Jay called the Bureau and explained his business model to an analyst there.

36.     Shortly after this phone call, the analyst sent Jay another email memorializing their conversation. It is attached as Exhibit 1.

37.     In relevant part, the email confirms that the Bureau's view that "review[ing a] client's email account information" constitutes an investigation:

To recap our telephone conversation:

- You are contacted for an investigation,
- You draft a contract for the client with no upfront fees only a built-in back end payment after any settlement is recovered through lawsuit;
- You review the client's email account information to determine if they have received Spam emails,
- You make PDF's of client's alleged Spam emails,
- Your clients provides your findings to their attorney or attorney's you refer them to,
- If there is a recovery of funds through lawsuit you receive 30% of the recovery from the clients lawsuit.

Your investigations are not public in nature and/or utilizing public resources, you are conducting private investigations of a person's private information, for a percentage of the recovery of a lawsuit, through a written contract, which are later used in a court to seek a settlement.

These are private investigations that you are conducting and seeking payment for.

To perform this work in the State of California you must be issued a Private Investigator license from the Bureau.

**California's Private Investigator Licensure Laws**

38.     California prohibits individuals from practicing private investigation without a license. Cal. Bus. & Prof. Code § 7520.

39.     California defines a private investigator as "a person, other than an insurance adjuster … , who, for any consideration whatsoever engages in business or accepts employment to furnish or agrees to furnish any person to protect persons pursuant to Section 7521.5, or engages in business or accepts employment to furnish, or agrees to make, or makes, any investigation for the purpose of obtaining, information with reference to:

(a) Crime or wrongs done or threatened against the United States of America or any state or territory of the United States of America.

(b) The identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of any person.

(c) The location, disposition, or recovery of lost or stolen property.

(d) The cause or responsibility for fires, libels, losses, accidents, or damage or injury to persons or to property.

(e) Securing evidence to be used before any court, board, officer, or investigating committee."

Cal. Bus. & Prof. Code § 7521.

40.     The relevant subsection here is (e), which refers to "evidence to be used before any court."

41.     Unlicensed private investigation is a misdemeanor punishable by a $5,000 fine and a year in prison. Cal. Bus. & Prof. Code § 7523(b).

42.     Unlicensed private investigation can also carry with it a civil penalty of up to $10,000. Cal. Bus. & Prof. Code § 7523.5(a).

43.     The Bureau is the state agency responsible for the licensure, discipline, and regulation of private investigators. It has the power to impose administrative citations on individuals who practice private investigation without a license. Cal. Bus. & Prof. Code § 148.

44.     "The Chief [of the Bureau] or their designee may issue a citation … against any unlicensed person who is acting in the capacity of a licensee … under the jurisdiction of the Bureau and who is not otherwise exempt from licensure. Each citation may contain an assessment of an administrative fine up to $5,000 and, where appropriate, an order of abatement fixing a reasonable period of time not to exceed 30 days for abatement." Cal. Code Regs. tit. 16, § 601.6(a).

45.     Additionally, responsibility for the licensing of private investigators ultimately falls to the Director of the Department of Consumer Affairs. "The director shall administer and enforce the provisions of" the Code chapter on private investigators. Cal. Bus. & Prof. Code § 7512.2.

**The Bureau Cites Jay**

46.     On September 20, 2023, two months after the Bureau told Jay that he was under investigation, the Deputy Chief of the Bureau issued Jay a formal citation order.

47.     A copy of the order is attached as Exhibit 2.

48.     The order alleged that Jay violated Cal. Bus. & Prof. Code § 7520 by practicing private investigation without a license.

49.     The order explained that "[a]s a result of a bureau investigation, it was discovered that Spam Private Eye and Joel 'Jay' Fink (Fink) advertises private investigator services on spamprivateeye.com and [a] Facebook page without a current and valid license issued by the Bureau."

50.     The order commanded Jay "to immediately cease and desist from" "advertis[ing] private investigator services."

51.     The order also imposed a $1,000 administrative fine on Jay under Cal. Code Regs. tit. 16, § 601.6(a) and ordered him to pay within 30 days.

52.     The order stated that it would "become a final order of the Bureau thirty (30) days after the date of service" on September 20. It also stated that "[p]ayment of the administrative fine and abatement of the violation will be considered satisfactory resolution of the violation(s) cited."

53.     Jay fully complied with the order within 30 days.

54.     Jay paid the $1,000 administrative fine by money order. According to USPS tracking information, the Bureau received the payment on October 14.

55.     Upon receiving the citation order, Jay stopped conveying information to his clients about their emails.

56. Upon receiving the citation order, Jay stopped accepting new clients.

57. Upon receiving the citation order, Jay took down the Spam Private Eye Facebook page.

58. The Spam Private Eye website was inactive at the time of the citation order and remains inactive.

59. On October 19, 2023, Jay notified the Bureau that he had fully complied with the citation order. A copy of this notice is Exhibit 3.

### Jay Cannot Become a Licensed Private Investigator

60. The Bureau's position is that Jay's business activities amount to private investigations under California law for which a private investigator license is required.

61. But obtaining a private investigator license is not easy.

62. To become a licensed private investigator, a person must be at least 18 years old and cannot have committed any crimes that warrant licensure denial. Cal. Bus. & Prof. Code § 7526.

63. An individual seeking to become a licensed private investigator must also successfully pass an examination that "determine[s] the ability and fitness of the applicant to engage in business" as a private investigator. Cal. Code Regs. tit. 16, § 605.

64. An individual seeking to become a licensed private investigator must also "have had at least three years' experience in investigation work. One year's experience shall consist of not less than 2,000 hours of actual compensated work performed by each applicant preceding the filing of an application." Cal. Bus. & Prof. Code § 7541(a).

65. Attainment of certain degrees can reduce this requirement, *id.*, but Jay does not have those degrees.

66. The three years' experience needed to get licensed is limited to experience in these eight fields:

(1) Sworn law enforcement officers possessing powers of arrest and employed by agencies in the federal, state, or local government.

(2) Military police of the Armed Forces of the United States or the National Guard.

(3) An insurance adjuster or their employees subject to Chapter 1 (commencing with Section 14000) of Division 5 of the Insurance Code.

(4) Persons employed by a private investigator who are duly licensed in accordance with this chapter, or managed by a qualified manager in accordance with Section 7536.

(5) Persons employed by repossessors duly licensed in accordance with Chapter 11 (commencing with Section 7500), only to the extent that those persons are routinely and regularly engaged in the location of debtors or the location of personal property utilizing methods commonly known as "skip tracing." For purposes of this section, only that experience acquired in that skip tracing shall be credited toward qualification to take the examination.

(6) Persons duly trained and certified as an arson investigator and employed by a public agency engaged in fire suppression.

(7) Persons trained as investigators and employed by a public defender to conduct investigations.

(8) Persons trained as investigative reporters and employed by a media source, as defined in Section 1070 of the Evidence Code, whose investigative journalism experience is comprised of conducting primary investigations and producing investigative projects.

Cal. Bus. & Prof. Code § 7541.1(a).

67.    Jay does not have any experience in these fields.

68.    Accordingly, to get licensed as a private investigator and legally continue his business, Jay would have to train for 6,000 hours plus meet all other license requirements.

69.     Jay is not a private investigator, does not want to be a private investigator, and does not need the knowledge or skills of a private investigator to receive, read, repackage, and share the information contained within his clients' junk email folders.

70.     Jay does not need any experience in law enforcement, military policing, insurance adjustment, employment by a private investigator, repossession, arson investigation, investigations on behalf of a public defender, or investigative journalism to receive, read, repackage, and share the information contained within his clients' junk folders.

71.     Indeed, Jay is unaware of any licensed private investigators who provide the services that he provides.

72.     The time and expense of obtaining superfluous private investigator training and a license is an immense, pointless, and unrealistic burden for Jay, who has successfully run his business for more than a decade.

**INJURY TO PLAINTIFF**

73.     Jay wants to continue operating his successful small business, but he cannot do so without risking future government enforcement actions.

74.     The threat of enforcement of the private investigator licensure statutes and regulations has prevented Jay from telling his clients about their spam emails.

75.     The threat of enforcement of the private investigator licensure statutes and regulations has prevented Jay from advertising his business.

76.     The threat of enforcement of the private investigator licensure statutes and regulations has prevented Jay from working in the occupation of his choosing.

77.     But for the Bureau's threatened enforcement of California's private investigator licensure statutes and regulations against Jay, Jay would not fear future fines.

78. But for the Bureau's threatened enforcement of California's private investigator licensure statutes and regulations against Jay, Jay would not need to cease operating his business.

79. But for the Bureau's threatened enforcement of California's private investigator licensure statutes and regulations against Jay, Jay would not decline in the future to speak with Californians about the spam emails they receive.

80. But for the Bureau's threatened enforcement of California's private investigator licensure statutes and regulations against Jay, Jay would immediately resume receiving and sharing the information contained within his clients' (and future clients') junk folders.

81. But for the Bureau's threatened enforcement of California's private investigator licensure statutes and regulations against Jay, Jay would advertise his services.

82. To be clear, Jay complied in full with the September 20, 2023 order and is not challenging that enforcement action here. Jay fears that *future* enforcement of California's private investigator licensure statutes and regulations will cause the harms listed above and, ultimately, shut his business down forever.

## CLAIMS FOR RELIEF

### First Claim for Relief—First Amendment

83. Jay wants to receive, read, repackage, and share the information contained within his clients' junk folders to help them potentially pursue a claim under the Anti-Spam Act with a California attorney.

84. This creation and dissemination of information is speech within the meaning of the First Amendment, falls outside any recognized exception to the First Amendment, and is fully protected by the First Amendment.

85. The First Amendment fully protects Jay's right to identify spam emails, regardless of his charging a fee for that speech.

86.     By telling Jay to not "review [a] client's email account information" without being licensed, Defendants are engaged in the content-based regulation of pure speech.

87.     Defendants lack even a substantial interest—much less a compelling one—in preventing Jay from identifying spam emails.

88.     Regardless of any interest Defendants may have in regulating Jay's business, requiring a private investigator's license is not narrowly tailored or even substantially tailored to that interest.

89.     The 6,000 hours of private investigator training necessary to get a private investigator license have nothing to do with Jay's business.

90.     Defendants' enforcement of the challenged statutes, regulations, policies, and practices to suppress Jay's speech rights cannot withstand any level of First Amendment scrutiny.

91.     Given that Defendants cannot constitutionally prevent Jay from performing his business, they also cannot constitutionally prevent Jay from truthfully advertising his business.

92.     Unless Defendants are enjoined from enforcing California's private investigator laws and the regulations promulgated under the private investigator laws, Jay will suffer continuing and irreparable harm.

**Second Claim for Relief—Substantive Due Process**

93.     The Fourteenth Amendment's Due Process Clause protects the right to earn a living in the occupation of a person's choice subject to rational government regulation.

94.     Jay wants to help willing clients hold spammers accountable by reading, analyzing, and identifying client emails to help them potentially pursue a claim under the Anti-Spam Act with a California attorney.

95.     By barring Jay from reading, analyzing, and identifying client emails, Defendants have totally prevented him from pursuing the occupation of his choosing.

-13-

96.     Jay's occupation is so different from conventional private investigations that any government's interest in regulating private investigators is not implicated.

97.     Learning to identify actionable spam takes hours of training at most.

98.     Learning to identify actionable spam does not take three years.

99.     None of the fields in which Defendants require training have any meaningful connection to identifying spam emails.

100.    The exam that Jay would undergo does not test anything about spam email.

101.    Requiring Jay to be licensed as a private investigator would not protect the public.

102.    Requiring Jay to be licensed as a private investigator is not rationally related to fitness to perform the work that Jay performs.

103.    Requiring Jay to be licensed as a private investigator is not rationally related to any legitimate government interest.

104.    Unless Defendants are enjoined from enforcing California's private investigator laws and the regulations promulgated under the private investigator laws, Jay will suffer continuing and irreparable harm.

**Third Claim for Relief—Equal Protection**

105.    Under the Equal Protection Clause of the Fourteenth Amendment, the government must treat similarly situated people similarly unless (at minimum) there is a rational reason for the distinction.

106.    Thousands of Californians look at other people's emails every day, and some do so as their jobs.

107.    For instance, personal assistants and secretaries often read another person's emails and then convey information from those emails to that person.

108.    In this way, Jay is similarly situated to a personal assistant or secretary.

109.    Personal assistants and secretaries, however, do not need 6,000 hours of private investigator training to identify relevant emails and convey information about them.

110.    Indeed, Jay could do the exact same work for almost anyone in California, so long as he was generating information for clients that did not intend to go to court.

111.    There is no rational reason to require Jay to be licensed as a private investigator when many people who read others' emails are unlicensed.

112.    Unless Defendants are enjoined from enforcing California's private investigator laws and the regulations promulgated under the private investigator laws, Jay will suffer continuing and irreparable harm.

**Fourth Claim for Relief—Privileges or Immunities**

113.    The Fourteenth Amendment's Privileges or Immunities Clause was meant to protect the right to earn a living free from unreasonable government restrictions.

114.    By barring Jay from operating his business without a private investigator's license, Defendants are violating the Privileges or Immunities Clause.

115.    Unless Defendants are enjoined from enforcing California's private investigator laws and the regulations promulgated under the private investigator laws, Jay will suffer continuing and irreparable harm.

116.    Jay recognizes that this claim is foreclosed by *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36 (1873). He preserves it here given the "overwhelming consensus among leading constitutional scholars" that *Slaughter-House* was "egregiously wrong." *McDonald v. Chicago*, 561 U.S. 742, 756–57 (2010) (noting argument made in brief of Constitutional Law Professors as Amici Curiae, No. 08-1521, 561 U.S. 742 (filed July 9, 2009)).

# REQUEST FOR RELIEF

As remedies for the constitutional violations described above, Jay respectfully requests the following relief:

A.      A declaration that Defendants' future enforcement of California's private investigator laws and the regulations promulgated under the private investigator laws violates the First and Fourteenth Amendments as applied to Jay;

B.      Preliminary and permanent injunctions enjoining future enforcement of California's private investigator laws and the regulations promulgated under the private investigator laws as applied to Jay;

C.      Attorneys' fees and costs under 28 U.S.C. § 1988 and any other applicable statute; and

D.      Any other relief the Court deems just and proper.

DATED: November 16, 2023

/s/ Brendan P. Cullen
**SULLIVAN & CROMWELL LLP**
Brendan P. Cullen (CA Bar No. 194057)
550 Hamilton Ave.
Palo Alto, CA 94301
(650) 461-5650
cullenb@sullcrom.com

**INSTITUTE FOR JUSTICE**
Andrew Ward (NY Bar No. 5364393)*
Dylan Moore (ME Bar No. 010327)*
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
ahward@ij.org
dmoore@ij.org

*Pro hac vice* motions to be filed

*Attorneys for Plaintiff*

*Fink v. Kirchmeyer*

# EXHIBIT 1

---------- Forwarded message ---------
From: **Jay Fink** <[jaystheone44@gmail.com](mailto:jaystheone44@gmail.com)>
Date: Thu, Aug 17, 2023 at 3:13 PM
Subject: Re: 1202023000110 - Joel Fink
To: Stephan, Rico@DCA < [Rico.Stephan@dca.ca.gov](mailto:Rico.Stephan@dca.ca.gov)>


Hi Rico,

I hope you're doing well.
I would like, as soon as possible, to have a phone meeting with you, to discuss this matter.
What days and times, work for you?


Thanks,
Jay Fink

---

 Virus-free.[www.avast.com](http://www.avast.com)

On Thu, Jul 13, 2023 at 11:16 AM Stephan, Rico@DCA < [Rico.Stephan@dca.ca.gov](mailto:Rico.Stephan@dca.ca.gov)> wrote:

Hello Mr. Fink,

Thank you for returning my call.

1

To recap our telephone conversation:

- You are contacted for an investigation,
- You draft a contract for the client with no upfront fees only a built-in back end payment after any settlement is recovered through lawsuit:
- You review the client's email account information to determine if they have received Spam emails,
- You make PDF's of client's alleged Spam emails,
- Your clients provides your findings to their attorney or attorney's you refer them to,
- If there is a recovery of funds through lawsuit you receive 30% of the recovery from the clients lawsuit.

Your investigations are not public in nature and/or utilizing public resources, you are conducting private investigations of a person's private information, for a percentage of the recovery of a lawsuit, through a written contract, which are later used in a court to seek a settlement.

These are private investigations that you are conducting and seeking payment for.

To perform this work in the State of California you must be issued a Private Investigator license from the Bureau.

Please review the following link to the Private Investigator Act, for your information.

https://www.bsis.ca.gov/about_us/laws/piact.shtml

Please review the following link to BPC 7521, the description of a Private Investigator in California. Specifically review sub-section (b) and (e) of 7521.

https://leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?lawCode=BPC&sectionNum=7521.

Please see the following link which is the initial PI application

www.bsis.ca.gov/forms_pubs/pi_app.pdf

Thank you again for speaking with me today.

**Rico Stephan**

*Associate Governmental Program Analyst*

## *Department of Consumer Affairs*

### *Bureau of Security and Investigative Services*

(916) 869-7474

**CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE, INCLUDING ANY ATTACHMENTS, IS INTENDED ONLY FOR USE BY THE RECIPIENT(S) NAMED ABOVE**. If you are not an intended recipient of this message, or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. Staff are not authorized to forward this message to outside parties without the express written authorization from the appropriate person. If you received this message in error, please notify the sender immediately, delete the message, and destroy all copies of the original message.

Please take a moment to complete the online customer satisfaction survey at **www.surveymonkey.com/consumeraffairs**

---

**From:** Stephan, Rico@DCA
**Sent:** Thursday, July 13, 2023 10:26 AM
**To:** jaystheone44@gmail.com
**Subject:** 1202023000110 - Joel Fink
**Importance:** High

Hello Joel,

My name is Rico Stephan, I work for the Bureau of Security and Investigative Services, with he Department of Consumer Affairs.

I would like to ask you some questions about your investigations.

Could you contact me through the information below.

Thank you for your cooperation,
Rico

**Rico Stephan**

*Associate Governmental Program Analyst*

**Department of Consumer Affairs**

***Bureau of Security and Investigative Services***

(916) 869-7474

 

**CONFIDENTIALITY NOTICE: INFORMATION IN THIS MESSAGE, INCLUDING ANY ATTACHMENTS, IS INTENDED ONLY FOR USE BY THE RECIPIENT(S) NAMED ABOVE**. If you are not an intended recipient of this message, or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. Staff are not authorized to forward this message to outside parties without the express written authorization from the appropriate person. If you received this message in error, please notify the sender immediately, delete the message, and destroy all copies of the original message.

Please take a moment to complete the online customer satisfaction survey at
**www.surveymonkey.com/consumeraffairs**

*Fink v. Kirchmeyer*

# EXHIBIT 2





BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY • GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF CONSUMER AFFAIRS**
**BUREAU OF SECURITY AND INVESTIGATIVE SERVICES**
2420 Del Paso Road, Suite 270, Sacramento, CA  95834
P (916) 322-4000   |   F (916) 575-7289   |   www.bsis.ca.gov



## DECLARATION OF SERVICE BY CERTIFIED MAIL & REGULAR MAIL

**RE:**   Citation No. 120 2023 000110       **LICENSE NO: UNLICENSED**

I, Robin Perez, the undersigned declare that I am over 18 years of age; my business address is Department of Consumer Affairs, Bureau of Security and Investigative Services, 2420 Del Paso Rad, Suite 270, Sacramento, CA 95834. I served a true copy of the attached Citation Order by Certified Mail & Regular U.S. Mail on the following, by placing same in an envelope addressed as follows:

**NAME AND ADDRESS**

Spam Private Eye
Attn: Joel "Jay" Fink
1865 Las Gallinas
San Rafael, CA 94903

**CERTIFIED NUMBER:**

& Via Regular Mail

Said envelope was then on September 20, 2023, sealed and deposited in the United States Mail at 2420 Del Paso Road, Suite 270, Sacramento, California 95834, the county in which I am employed, as certified mail and regular mail with postage thereon fully prepaid, return receipt requested.

Executed on September 20, 2023, at Sacramento, California.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT

September 20, 2023
Date

Signature

 

BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY • GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF CONSUMER AFFAIRS**
**BUREAU OF SECURITY AND INVESTIGATIVE SERVICES**
2420 Del Paso Road, Suite 270, Sacramento, CA 95834
P (916) 322-4000  |  F (916) 575-7289  |  www.bsis.ca.gov

**CITATION ORDER**
**\*\*\* Sent via Certified Mail & Regular Mail \*\*\***

**Date of Issuance:**   September 20, 2023
**Business Name:**   Spam Private Eye
**Officer:**   Joel "Jay" Fink
**Address:**   1865 Las Gallinas, San Rafael, CA 94903
**License No.:**   Unlicensed
**Citation No.:**   120 2023 000110

Samuel Stodolski issues this notice in his official capacity as the Deputy Chief of the Bureau of Security and Investigative Services, hereinafter referred to as the "Bureau".

**Licensing History**
The records of the Bureau revealed that neither Spam Private Eye and Joel "Jay" Fink has ever been issued a private investigator license or any other license or registration by the Bureau.

**Citation**
A citation is hereby issued to Investigations Spam Private Eye nor Joel "Jay" Fink pursuant to California Code of Regulations, Title 16, Division 7, Sections 601.6(a) in accordance with Business and Professions Code (BPC) Sections 148 for violation of BPC Section 7520, as described below.

1. BPC Section 7520 - no person shall engage in the business regulated by this chapter; act or assume to act as, or represent themselves to be, a licensee unless he or she is licensed under this chapter; and no person shall falsely represent that they are employed by a licensee (unlicensed activity).

**Cause for Citation**
As a result of a bureau investigation, it was discovered that Spam Private Eye and Joel "Jay" Fink (Fink) advertises private investigator services on spamprivateeye.com and Facebook page without a current and valid license issued by the Bureau.

**Order of Abatement**
The Bureau hereby directs Spam Private Eye and Joel "Jay" Fink to immediately cease and desist from violating BPC Section 7520.

**Order**
Upon receipt of this citation, Spam Private Eye and Joel "Jay" Fink is to pay the following administrative fine(s):

|  | Fine Amount |
|---|---|
| CCR 601.6(a) for violation of BPC Section 7520 | $1,000.00 |
| **Total Amount of Citation:** | $1,000.00 |

The citation will become a final order of the Bureau thirty (30) days after the date of service of the citation. Payment of the administrative fine is due within thirty (30) days after the date

of service of the citation. Payment should be made payable to the Bureau of Security and Investigative Services and mailed to the Bureau at the following address:

**Bureau of Security and Investigative Services (BSIS)**
**Attention: Enforcement**
**P.O. Box 989002**
**West Sacramento, CA 95798-9002**

**Please indicate your citation number on the check, cashier's check, or money order. Payment plans may be available. Please contact the Bureau at bsis.enforcement@dca.ca.gov for further information.**

Payment of the administrative fine and abatement of the violation will be considered satisfactory resolution of the violation(s) cited.

Please note, per BPC Section 149 – Advertising in Telephone Directory without License, if, upon investigation, an agency has probable cause to believe that a person is advertising with respect to the offering or performance of services, without being properly licensed by or registered with the agency to offer or perform those services, the agency may issue a citation under BPC Section containing an order of correction that requires the violator to do both of the following:

1. Cease the unlawful advertising.
2. Notify the telephone company furnishing services to the violator to disconnect the telephone service furnished to any telephone number contained in the unlawful advertising.

This action is stayed if the person to whom a citation is issued under subdivision (a) notifies the agency in writing that he or she intends to contest the citation. The agency shall afford an opportunity for a hearing, as specified in BPC Section 125.9.

If the person to whom a citation and order of correction is issued under subdivision (a) fails to comply with the order of correction after that order is final, the agency shall inform the Public Utilities Commission of the violation and the Public Utilities Commission shall require the telephone corporation furnishing services to that person to disconnect the telephone service furnished to any telephone number contained in the unlawful advertising.

The good faith compliance by a telephone corporation with an order of the Public Utilities Commission to terminate service issued pursuant to this section shall constitute a complete defense to any civil or criminal action brought against the telephone corporation arising from the termination of service.

**Appeal Rights**
You have the right to appeal this citation order by requesting a hearing with the Office of Administrative Hearings, which will be held pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code. To request a hearing with the Office of Administrative Hearings, you must notify the Bureau *in writing* within thirty (30) days after the date this citation was served on you. You may also request an informal conference with the Bureau.

To request an informal conference, you must make this request within ten (10) days of the

To request an informal conference, you must make this request within ten (10) days of the issuance of the citation per CCR, Title 16, Division 7, Section 601.8(e). You do not lose your right to appeal this citation by failing to request an informal conference.

Enclosed you will find a "Notice of Appeal" form.  You may indicate on this form whether you wish to formally appeal this citation or have an informal conference. Alternately, you can separately notify us in writing of your formal appeal and request for a hearing, provided you do so within thirty (30) days of service.

**Failure to request a hearing to formally appeal this citation within thirty (30) days will waive your right to contest or appeal this citation.**

_____     SEPTEMBER 20, 2023
Samuel Stodolski, Deputy Chief                    Date



BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY • GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF CONSUMER AFFAIRS**
**BUREAU OF SECURITY AND INVESTIGATIVE SERVICES**
2420 Del Paso Road, Suite 270, Sacramento, CA  95834
P (916) 322-4000   |   F (916) 575-7289   |   www.bsis.ca.gov



**Notice of Appeal**
**Office of Administrative Hearings**

| | |
|---|---|
| **Date of Issuance:** | September 20, 2023 |
| **Business Name:** | Spam Private Eye |
| **Officer:** | Joel "Jay" Fink |
| **Address:** | 1865 Las Gallinas, San Rafael, CA 94903 |
| **License No.:** | Unlicensed |
| **Citation No.:** | 120 2023 000110 |

I hereby acknowledge receipt of the citation referenced above and notification of my rights to contest the citation and fine. I do hereby contest the citation and request the following:

Check Appropriate Box/Boxes:

[ ]   A hearing with the Office of Administrative Hearings pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code.

[ ]   I request an informal conference.

_____     _____
Signature                                                             Date

Address: _____

City: _____   State: _____   Zip: _____

Telephone No.: _____

E-mail Address: _____

*Fink v. Kirchmeyer*

# EXHIBIT 3

From: <no_reply@dca.ca.gov>
Date: Thu, Oct 19, 2023 at 9:53 AM
Subject: BSIS - Contact Form - Confirmation - Ask a General Question
To: <jaystheone44@gmail.com>



## Hello,

You submitted a contact form with the following details:

**Email address**

- jaystheone44@gmail.com

**First Name**

- Jay

**Last Name**

- Fink

**Please select an option below, so we can direct you to the appropriate contact options.**

- Ask a General Question

**Reason**

- Ask a General Question

**Please select the reason you are contacting the Bureau from the drop-down menu below, then complete the required fields.**

- General Question

**Explain why you are contacting the Bureau**

- To the Bureau of Security and Investigative Services: I am writing to tell you that I have resolved Citation No. 120 2023 000110 before the deadline on October 20. I have complied with all the terms of the order. The website [spamprivateeye.com](spamprivateeye.com) and the Facebook page are both deactivated, I have paid the full $1,000 citation by money order, which was delivered to you on October 14, and I am no longer providing information to clients. Sincerely, Jay Fink

Bureau of Security and Investigative Services
2420 Del Paso Road, Suite 270
Sacramento, CA 95834